﻿Citation Nr: AXXXXXXXX
Decision Date: 10/31/19 Archive Date: 10/30/19

DOCKET NO. 191009-37284
DATE: October 31, 2019

ORDER

Entitlement to an effective date earlier than July 31, 2019 for the award of service connection for Parkinson’s disease with sleep disturbances is denied.

Entitlement to an effective date earlier than July 31, 2019 for the award of service connection for mild balance and moderate bradykinesia is denied.

Entitlement to an effective date earlier than July 31, 2019 for the award of service connection for right upper extremity tremor with muscle rigidity and stiffness is denied.

Entitlement to an effective date earlier than July 31, 2019 for the award of service connection for right lower extremity tremor with muscle rigidity and stiffness is denied.

Entitlement to an effective date earlier than July 31, 2019 for the award of service connection for left upper extremity tremor with muscle rigidity is denied.

Entitlement to an effective date earlier than July 31, 2019 for the award of service connection for left lower extremity tremor with muscle rigidity and stiffness is denied.

Entitlement to an effective date earlier than July 31, 2019 for the award of service connection for constipation is denied.

Entitlement to an effective date earlier than July 31, 2019 for the award of service connection for loss of automatic movements is denied.

Entitlement to an effective date earlier than July 31, 2019 for the award of service connection for changes in speech is denied.

Entitlement to an effective date earlier than July 31, 2019 for the award of service connection for difficulty chewing and swallowing is denied.

Entitlement to an effective date earlier than July 31, 2019 for the award of service connection for impotency without penile deformity is denied.

Entitlement to an effective date earlier than July 31, 2019 for the award of service connection for loss of smell is denied.

Entitlement to an effective date earlier than July 31, 2019 for the award of service connection for stooped posture is denied.

Entitlement to an effective date earlier than July 31, 2019 for the award of service connection for unspecified depressive disorder is denied.

Entitlement to an effective date earlier than July 31, 2019 for the award of special monthly compensation (SMC) based on loss of use of a creative organ is denied.

FINDINGS OF FACT

1. The Veteran initially filed a VA Form 21-526EZ claiming service connection for Parkinson’s disease on July 31, 2019, and service connection was awarded from July 31, 2019.

2. The Veteran was not diagnosed with Parkinson’s disease or associated residuals until January 30, 2017.

CONCLUSIONS OF LAW

1. The criteria for an effective date earlier than July 31, 2019 for the award of service connection for Parkinson’s disease with sleep disturbances have not been met. 38 U.S.C. §§ 5107, 5110; 38 C.F.R. §§ 3.102, 3.159, 3.114, 3.400, 3.816.

2. The criteria for an effective date earlier than July 31, 2019 for the award of service connection for mild balance and moderate bradykinesia have not been met. 38 U.S.C. §§ 5107, 5110; 38 C.F.R. §§ 3.102, 3.159, 3.114, 3.400, 3.816.

3. The criteria for an effective date earlier than July 31, 2019 for the award of service connection for right upper extremity tremor with muscle rigidity and stiffness have not been met. 38 U.S.C. §§ 5107, 5110; 38 C.F.R. §§ 3.102, 3.159, 3.114, 3.400, 3.816.

4. The criteria for an effective date earlier than July 31, 2019 for the award of service connection for right lower extremity tremor with muscle rigidity and stiffness have not been met. 38 U.S.C. §§ 5107, 5110; 38 C.F.R. §§ 3.102, 3.159, 3.114, 3.400, 3.816.

5. The criteria for an effective date earlier than July 31, 2019 for the award of service connection for left upper extremity tremor with muscle rigidity have not been met. 38 U.S.C. §§ 5107, 5110; 38 C.F.R. §§ 3.102, 3.159, 3.114, 3.400, 3.816.

6. The criteria for an effective date earlier than July 31, 2019 for the award of service connection for left lower extremity tremor with muscle rigidity and stiffness have not been met. 38 U.S.C. §§ 5107, 5110; 38 C.F.R. §§ 3.102, 3.159, 3.114, 3.400, 3.816.

7. The criteria for an effective date earlier than July 31, 2019 for the award of service connection for constipation have not been met. 38 U.S.C. §§ 5107, 5110; 38 C.F.R. §§ 3.102, 3.159, 3.114, 3.400, 3.816.

8. The criteria for an effective date earlier than July 31, 2019 for the award of service connection for loss of automatic movements have not been met. 38 U.S.C. §§ 5107, 5110; 38 C.F.R. §§ 3.102, 3.159, 3.114, 3.400, 3.816.

9. The criteria for an effective date earlier than July 31, 2019 for the award of service connection for changes in speech have not been met. 38 U.S.C. §§ 5107, 5110; 38 C.F.R. §§ 3.102, 3.159, 3.114, 3.400, 3.816.

10. The criteria for an effective date earlier than July 31, 2019 for the award of service connection for difficulty chewing and swallowing have not been met. 38 U.S.C. §§ 5107, 5110; 38 C.F.R. §§ 3.102, 3.159, 3.114, 3.400, 3.816.

11. The criteria for an effective date earlier than July 31, 2019 for the award of service connection for impotency without penile deformity have not been met. 38 U.S.C. §§ 5107, 5110; 38 C.F.R. §§ 3.102, 3.159, 3.114, 3.400, 3.816.

12. The criteria for an effective date earlier than July 31, 2019 for the award of service connection for loss of smell have not been met. 38 U.S.C. §§ 5107, 5110; 38 C.F.R. §§ 3.102, 3.159, 3.114, 3.400, 3.816.

13. The criteria for an effective date earlier than July 31, 2019 for the award of service connection for stooped posture have not been met. 38 U.S.C. §§ 5107, 5110; 38 C.F.R. §§ 3.102, 3.159, 3.114, 3.400, 3.816.

14. The criteria for an effective date earlier than July 31, 2019 for the award of service connection for unspecified depressive disorder have not been met. 38 U.S.C. §§ 5107, 5110; 38 C.F.R. §§ 3.102, 3.159, 3.114, 3.400, 3.816.

15. The criteria for an effective date earlier than July 31, 2019 for the award of service connection for SMC based on loss of use of a creative organ have not been met. 38 U.S.C. §§ 5107, 5110; 38 C.F.R. §§ 3.102, 3.159, 3.114, 3.400, 3.816.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from February 1965 to February 1968. He appeals September 2019 rating decisions by the Agency of Original Jurisdiction (AOJ) granting service connection for Parkinson’s disease and related complications as well as SMC based on loss of use of a creative organ. The effective date for these grants was July 31, 2019.

In October 2019, the Veteran appealed the September 2019 rating decisions directly to the Board and chose the Direct Review lane. 38 C.F.R. § 19.2(d).

In February 2019, the Board remanded the issues of entitlement to service connection for bilateral hearing loss, tinnitus, a sinus condition, and a throat disability. However, current review of the claims file reveals that the AOJ is still acting on these issues; accordingly, such issues are not currently before the Board.

Effective Date

The Veteran first filed a claim for entitlement to service connection for Parkinson’s disease on July 31, 2019. See July 2019 VA Form 21-526EZ. In September 2019 rating decisions, the AOJ granted service connection for Parkinson’s disease and associated complications effective July 31, 2019. Nevertheless, the Veteran argues he has been diagnosed with the disease since January 30, 2017, and that 38 C.F.R. § 3.816 “allows the date of service connection to be the latter of the date VA received the initial claim for an Agent Orange-related disease or the date the Agent Orange-related disease was first diagnosed.” See October 2019 notice of disagreement (NOD).

However, for the reasons explained below, the Board finds such interpretation of 38 C.F.R. § 3.816 is inconsistent with the regulation itself and as applied to the facts of this case.

Generally, the effective date of an award of disability compensation, in conjunction with a grant of entitlement to service connection, shall be the day following separation from active service or the date entitlement arose if the claim is received within one year of separation from service; otherwise, the effective date shall be the date of receipt of the claim, or the date the entitlement arose, whichever is later. See 38 U.S.C. § 5110; 38 C.F.R. § 3.400(b)(2)(i).

On August 31, 2010, Parkinson’s disease was added to the list of presumptive herbicide-related diseases enumerated in 38 C.F.R. § 3.309(e). See 75 Fed. Reg. 53,202 (August 31, 2010). Effective dates of awards of presumptive service connection for Parkinson’s disease under 38 C.F.R. § 3.309(e) are governed by the Nehmer regulations. See 38 C.F.R. § 3.816.

Nehmer and 38 C.F.R. § 3.816

The Board first notes that because the Veteran served in the Republic of Vietnam and was diagnosed with Parkinson’s disease, a covered herbicide disease, he qualifies as a Nehmer class member under the Nehmer regulations. See 38 C.F.R. § 3.816(b)(1)(i).

Under the Nehmer regulations, a veteran may be entitled to an earlier effective date prior to the date of the liberalizing law, in this case, August 31, 2010, where either (1) VA denied compensation for the same covered herbicide disease in a decision issued between September 25, 1985, and May 3, 1989; or (2) the class member’s claim for disability compensation for the covered herbicide disease either (a) was pending before VA on May 3, 1989; or (b) was received by VA between May 3, 1989, and the effective date of the statute or regulations establishing a presumption of service connection for the covered disease (in this case, August 31, 2010). See 38 C.F.R. § 3.816(c)(1)-(2).

Here, the Veteran was not denied compensation for Parkinson’s disease and did not file a service connection claim for such disability until July 31, 2019. See July 2019 VA Form 21-526EZ. Accordingly, 38 C.F.R. § 3.816(c)(1)-(2) of the Nehmer regulations do not provide the Veteran an avenue for an earlier effective date than July 31, 2019.

38 C.F.R. § 3.114

However, if such requirements under 38 C.F.R. § 3.816 (c)(1)-(2) are not met, the effective date of the award shall be determined in accordance with 38 C.F.R. §§ 3.114 and 3.400. See 38 C.F.R. § 3.816(c)(4).

As relevant to this case, where compensation is awarded pursuant to a liberalizing law, the Veteran must show that he met all eligibility criteria for the liberalized benefit on the effective date of the liberalizing law and that such eligibility existed continuously from that date to the date of claim. 38 C.F.R. § 3.114. If a claim is reviewed at the request of the Veteran more than 1 year after the effective date of the law, benefits may be authorized for a period of one year prior to the date of receipt of such request. Id.

As of August 31, 2010, the Veteran was presumptively exposed to herbicide agents when he served in the Republic of Vietnam, and 38 C.F.R. § 3.309(e) established a nexus between Parkinson’s disease and herbicide agent exposure. Thus, if the Veteran had Parkinson’s disease and associated residuals with continuous symptoms as of that date, he may be entitled to an effective date as early as July 31, 2018.

However, by the Veteran’s own admission and medical treatment records, the Veteran was diagnosed with Parkinson’s disease on January 30, 2017. See, e.g., January 2017 N.I.S.J. treatment record; October 2019 NOD. Importantly, the Veteran’s doctor stated the Veteran started feeling tremors “one year ago.” See January 2017 N.I.S.J. treatment record. Thus, even if the Veteran had Parkinson’s as early as January 2016, the record shows he did not have the disease or associated complications as of August 31, 2010. Thus, an earlier effective date under 38 C.F.R. § 3.114 is not warranted.

The Board is sympathetic to the Veteran’s argument that his effective date for Parkinson’s disease and associated complications should go back to his diagnosis on January 30, 2017. However, neither the Nehmer nor liberalizing law regulations afford the Veteran an earlier effective date. 

As to Nehmer, the Veteran did not get denied compensation for Parkinson’s disease between September 25, 1985 and May 3, 1989; further, he did not have a compensation claim for Parkinson’s disease pending from May 3, 1989 to August 31, 2010. In fact, the record shows the Veteran did not have Parkinson’s disease and corresponding complications until no earlier than January 2016. Thus, the law does not provide an effective date earlier than the Veteran’s date of claim for the award of Parkinson’s disease and associated complications. Accordingly, the claims are denied.

 

 

DONNIE R. HACHEY

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Department of Veterans Affairs

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.